Filed 4/4/13  In re V.D. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| In re V.D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>V.D.,<br><br>Defendant and Appellant. | C071997<br><br>(Super. Ct. No. JV133683) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On March 1, 2012, the People filed a petition under Welfare and Institutions Code section 602 alleging that appellant V.D. failed to stop at the scene of an accident involving property damage (count 1; Veh. Code, § 20002, subd. (a)) and drove without a license (count 2; Veh. Code, § 12500, subd. (a)).

1

Appellant subsequently admitted count 1, and count 2 was dismissed in the interest of justice.

According to the probation report, to which the parties stipulated as providing the factual basis for appellant's plea, on the night of September 12, 2011, a witness saw a gray Toyota make a u-turn and sideswipe a parked car, causing damage. The witness advised the driver (appellant) to stop and leave insurance information, but the driver sped away. The Toyota was registered to appellant's parents; he had driven it without permission.

The juvenile court placed appellant on six months' court probation under the probation department's supervision pursuant to Welfare and Institutions Code section 725, subdivision (a).

At a later hearing on victim restitution, the juvenile court ordered appellant to pay restitution to the victim in the amount of $1,750, with appellant and his parents made jointly and severally liable for the payment.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

      HULL      , J.

We concur:

      RAYE      , P. J.

      HOCH      , J.